### Joseph H. Myers, Appellant, v. Edward W. Tillson, Appellee.

CONTRACTS—*default as affecting performance.* A party to a contract who is in default is in no position to insist upon performance.

Action commenced before justice of the peace. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

S. H. CUMMINS and MASTERS & MASTERS, for appellant.

TIMOTHY McGRATH, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant instituted suit, before a justice of the peace of Sangamon county, against appellee, upon a

trial of which judgment was rendered in favor of appellant in the sum of $125. Appellee prosecuted an appeal to the Circuit Court of said county where, upon trial had before a jury, there was a verdict in favor of appellee upon which the court rendered judgment and this appeal followed.

Appellant, a grain buyer at Croft, Illinois, entered into a contract in May, 1907, with appellee, a farmer, to buy from appellee some corn in crib at 45 cents per bushel and also appellee's growing wheat crop at 75 cents per bushel, and his growing oat crop at 32 cents per bushel, upon delivery to appellant. Appellant claimed that the oats amounted to 1,388 bushels and that they were not delivered as they should have been under the terms of the contract and that the price of oats advanced from 32 cents per bushel to 46½ cents per bushel at the time they should have been delivered and therefore he should recover the difference.

Appellee claimed that the oats which he sold to appellant under the contract were 700 bushels only instead of 1,388 bushels, the difference being what he was to retain for feed and seed and, as such feed and seed, excepted from the terms of the contract, and that appellant refused to pay for 125 bushels of wheat which was delivered by appellee to appellant under such contract and that by reason of such refusal to pay for such wheat appellee was absolved from further performance of the contract upon his part.

The main question is whether or not appellant had refused to pay appellee for the 125 bushels of wheat which appellee claimed he had delivered to appellant under the contract, prior to the time that appellee refused to make delivery of the oats claimed by appellant. A review of the evidence as abstracted does not satisfy us that the verdict was against the manifest weight of the evidence. The conflict was sharp upon this issue and the evidence so evenly balanced that the jury would have been warranted in finding either way thereon. The claim made by appellee that he had delivered to appellant 125 bushels of wheat and that ap-

pellant had failed to pay appellee for such wheat upon delivery as provided for in the contract, prior to the time he instituted the present suit, presented a question which was purely one of fact and one which it was peculiarly within the province of the jury to determine.

There being sufficient evidence to warrant the verdict upon this score it follows that when suit was brought by appellant to recover for a failure to deliver the oats, he, himself, was in default and in no position to urge that appellee be held to performance of the contract.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*